UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ ) | |
| IN RE SUBPOENA TO COURT SERVICES ) | Misc. Action No. 08-221 (ESH) |
| AND OFFENDER SUPERVISION AGENCY ) | |
| _____ ) | |

**MOTION TO QUASH SUBPOENA**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, the Court Services and

Offender Supervision Agency ("CSOSA" or "Agency") respectfully moves to quash the

subpoena issued to it by the Public Defender Service for the District of Columbia in the case of

United States v. Travis Miles, Case No. 2008-CF3-1575, in the Superior Court for the District of

Columbia.  The information sought in the subpoena is in connection with a trial in the D.C.

Superior Court currently scheduled to begin on June 24, 2008.  Although not required by Local

Civil Rule 7(m) because granting this motion would be dispositive of the subpoena, undersigned

counsel has attempted to confer with counsel from the Public Defender Service who issued the

subpoena without success.  A memorandum of points and authorities in support of this motion is

attached.  A proposed order is also attached.

Dated: May 16, 2008.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

 /s/
_____
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney

_/s/_
_____
JANE M. LYONS, D.C. Bar # 451737
Assistant United States Attorney
Civil Division
555 4th Street, N.W. - Room E4822
Washington, D.C.  20530
(202) 514-7161 (phone)
(202) 514-98780 (fax)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
IN RE SUBPOENA TO COURT SERVICES        )    Misc. Action No. 08-221 (ESH)
AND OFFENDER SUPERVISION AGENCY         )
                                        )
_____)


**MEMORANDUM IN SUPPORT OF MOTION TO QUASH SUBPOENA**

Defense counsel representing Travis Miles in the underlying criminal action has served

on the Court Services and Offender Supervision Agency for the District of Columbia ("CSOSA"

or "Agency") a third-party subpoena in connection with a trial currently scheduled to be held in

the Superior Court of the District of Columbia starting on June 24, 2008.  The subpoena seeks to

compel testimony and the production of all documents in CSOSA's possession that relate to the

victim of the crime, Corey King.  However, the Court lacks jurisdiction to enforce the subooena.

Moreover, applicable statutory law, including the Privacy Act, 5 U.S.C. § 552a (the "PA"), and

the Victims of Crime Act, 18 U.S.C. § 3771, as well as CSOSA's implementing regulations, 28

C.F.R. § 802, preclude the production of the information requested by the Subpoena, to the

extent such information exists.[1]

Although Mr. King initially provided defense counsel with a waiver of his privacy rights

strictly limited to "any and all medical records from any facility or hospital," his subsequent

revocation of that waiver now requires CSOSA to withhold any information which may exist in

its records.  See Declaration of Theresa A. Rowell ("Rowell Dec."), ¶¶ 4-6 (attached as Exhibit

1).  Accordingly, the Court should quash the subpoena.

_____

[1] 28 C.F.R. § 802.13(b)(1) provides that CSOSA records concerning individuals shall not
be disclosed without the written consent of that individual.  Accordingly, CSOSA neither
confirms nor denies the existence of records sought by the Subpoena.

**ARGUMENT**

A.    The Subpoena From the D.C. Superior Court Should Be Quashed Because There Is No Valid Waiver of Sovereign Immunity

Federal agencies such as CSOSA have sovereign immunity from state court subpoenas unless that immunity has been waived.  See, e.g., Louisiana v. Sparks, 978 F.2d 226, 234-36 (5th Cir. 1992); Sharon Lease Oil Co. v. FERC, 691 F. Supp. 381, 383-84 (D.D.C. 1988).  Sovereign immunity, however, can only be waived by Congress, which means that statutory consent to suit is necessary for a waiver.  See, e.g., United States v. Shaw, 309 U.S. 495, 500-01 (1940); Minnesota v. United States, 305 U.S. 382, 388-89 (1939).  Moreover, any statute waiving the sovereign immunity of the United States is subject to a rule of strict construction, and any doubts about the scope of the waiver are to be "resolved in favor of narrower governmental liability." Trout v. Sec'y of the Navy, 317 F.3d 286, 289-90 (D.C. Cir.), cert. denied, 540 U.S. 981 (2003).

The only statute that implicates a waiver of sovereign immunity with respect to Mr. Jennings's criminal prosecution in the Superior Court is Section 23-101(c) of Pub. L. 91-358, *codified at* D.C. Code § 23-101(c), which provides that certain criminal prosecutions for local District of Columbia offenses "shall be conducted in the name of the United States by the United States attorney for the District of Columbia or his assistants."  Because the United States Attorney's Office for the District of Columbia is, by virtue of Section 23-101(c), a party to such criminal prosecutions in the Superior Court, sovereign immunity considerations presumably would not apply to the activities of the United States Attorney's Office in those cases.  Hence, to the extent they are engaged in criminal prosecutions in the Superior Court, the United States Attorney and his assistants are subject to the Superior Court's rules and procedures.  Section 23-

101(c), however, makes no reference to CSOSA or to any other federal agency.  Accordingly,

under the rule of strict construction that is applicable to waivers of sovereign immunity, Section

23-101(c) cannot be read broadly to waive sovereign immunity so as to subject CSOSA to the

subpoena power of the Superior Court.[2]

A state court's assertion of power to decide whether a subpoena should be enforced is,

effectively, an assertion of the power of judicial review over a federal agency's decision

concerning the production of evidence.  That is, if the state court determines that the subpoena

should be enforced, it is saying that the agency's decision not to comply with the subpoena was

erroneous.  Such an assertion of power "directly contravenes 5 U.S.C. § 702," and so violates the

Supremacy Clause.  Boron Oil v. Downie, 873 F.2d at 71; see U.S. Const. art. VI, cl. 2.

Therefore, Supremacy Clause considerations provide CSOSA with a further federal defense

against a subpoena issued by the Superior Court.  Accordingly, the Court should quash the

subpoena.

> B.      Requests for CSOSA Documents, Including Third-Party Subpoenas, are Governed
>         by CSOSA's "Touhy" Regulations and Miles Has Failed to Comply with Those
>         Regulations.

Courts have long recognized that the federal government's administrative agencies like

CSOSA[3] may promulgate regulations placing appropriate limits on demands for agency

documents in civil litigation to which the agency is not a party.  This was expressly recognized

---

[2]  The Superior Court is treated as a "state court" for purposes of cases, such as the instant one, which have been removed to federal district court.  See 28 U.S.C. § 1445.

[3] CSOSA is a federal agency.  28 C.F.R. §§ 800, 802.1; see 111 Stat. 748 § 11233, codified at D.C. Code § 24-133(a).

by the United States Supreme Court in <u>United States ex rel. Touhy v. Ragen</u>, 340 U.S. 462

(1951).  CSOSA has promulgated such regulations, which are set forth at 28 C.F.R. Part 800.

As an initial matter, we note that CSOSA's regulations govern requests for records "from

a court or other non-congressional authority in connection with a proceeding to which [CSOSA]

is not a party."  28 C.F.R. § 802.1.  <u>See also</u> 28 C.F.R. § 802.24 (regulations govern "demand"

from governmental entity for production of material "in connection with a proceeding to which

[CSOSA] is not a party").  Those regulations further state that CSOSA records concerning

individuals shall not be disclosed without the written consent of that individual.  28 C.F.R. §

802.13(b)(1).  CSOSA's <u>Touhy</u> regulations provide the only mechanism available to defense

counsel in the underlying criminal case for obtaining records and/or testimony.  Those

regulations provide that:

> The [CSOSA] General Counsel is responsible for determining if CSOSA should
> comply or not comply with the demand . . .
>
> (a) An employee may not produce any documents, or provide testimony regarding
> any information relating to, or based upon Agency documents, or disclose any
> information or produce materials acquired as part of the performance of that
> employee's official duties, or because of that employee's official status without
> prior authorization from the General Counsel or Deputy Director. The reasons for
> this policy are as follows:
>
> > (1) To conserve the time of the agency for conducting official business;
> >
> > (2) To minimize the possibility of involving the agency in controversial
> > issues that are not related to the agency's mission;
> >
> > (3) To prevent the possibility that the public will misconstrue variances
> > between personal opinions of agency employees and agency policies;

(4) To avoid spending the time and money of the United States for private purposes;

(5) To preserve the integrity of the administrative process; and

(6) To protect confidential, sensitive information and the deliberative
process of the agency.

28 C.F.R. § 802.27.

In <u>Touhy</u>, a state prisoner in a federal habeas corpus proceeding issued a subpoena

ordering an FBI agent to produce certain documents.  The agent refused because a Department of

Justice (DOJ) regulation forbade employees from disclosing DOJ documents, except as

authorized by the Attorney General or his Assistant.  The agent was subsequently found in

contempt of court.  The United States Court of Appeals for the Seventh Circuit reversed and the

Supreme Court affirmed.  Thus, <u>Touhy</u> recognized the right of federal agencies to promulgate

regulations governing their employees' responses to civil subpoenas in litigation to which a

agency is not a party.

With a limited staff and substantial workload, CSOSA could not continue to fulfill its

mandate to supervise offenders, thereby helping to protect the citizens of the District of

Columbia, if it focused its resources on quickly producing documents for the myriad of lawsuits

and prosecutions involving people under its supervision or individuals whose personal

information it has obtained through the normal course of its business.  Indeed, if litigants could

freely compel CSOSA to produce documents or witnesses for litigation – in which CSOSA is not

a party – on the litigants' demand, CSOSA's limited resources could be overwhelmed with

production requirements.  <u>See</u> <u>Boron Oil Co. v. Downie</u>, 873 F.2d 67, 70 (4th Cir. 1989) (holding

that the policy behind such prohibitions on the testimony of agency employees is to conserve

agency resources when the government is not a party to a suit).

The Court has upheld <u>Touhy</u> regulations, for example, finding that a subpoenaed

government official will not be compelled to produce documents in private litigation when a

departmental regulation prohibits disclosure of the information.  <u>See</u> <u>Alexander v. Federal</u>

<u>Bureau of Investigation</u>, 186 F.R.D. 66, 70 (D.D.C. 1998).  Because criminal defense counsel for

Mr. Miles has failed to comply with the CSOSA's <u>Touhy</u> requirements even after having been

notified of their existence in CSOSA's April 3, 2008 letter, the Court should quash the subpoena.

<u>See</u> Rowell Dec. ¶¶ 8-9.

Moreover, because the only information Mr. King even temporarily authorized PDS to

obtain was "medical records from any facility or hospital," it is clear that CSOSA, at most, would

only have duplicate copies of responsive records as CSOSA itself is not a "facility or hospital"

and does not provide medical treatment.  Criminal defense counsel for Mr. Miles, therefore, has

an alternative means of obtaining at least some of the information sought in the Subpoena by

seeking any medical information directly from medical providers.  <u>Cf</u>. Fed. R. Crim. P. 17(c)(2)

(allowing court to quash subpoena "if compliance would be unreasonable or oppressive"); Fed.

R. Civ. P. 45(c)(1).  Moreover, in more than a month since being informed of the <u>Touhy</u>

regulation, CSOSA has not been contacted further by counsel for Mr. Miles to make any effort to

comply with the regulation.  <u>See</u> Rowell Dec. ¶¶ 8-9.  Absent an effort to comply with the

applicable regulation, the subpoena should be summarily quashed.

C.    The Privacy Act Prohibits the Disclosures Sought by the Subpoena

As part of its functions, CSOSA maintains various systems of records from which

information is retrievable by, among other identifiers, an individual's name.  See 28 C.F.R. §

802.28; 68 Fed. Reg. 38310-01 (June 27, 2003); 67 Fed. Reg. 11816 (March 15, 2002).

Accordingly, the information sought in the Subpoena seeks information covered by the Privacy

Act.  Absent consent or other applicable exception, information may not be disclosed without

violating the Privacy Act.  5 U.S.C. § 552a(b).[4]  Because Mr. King has revoked the limited

consent he initially provided for medical information, release of information would violate the

Privacy Act.  See Kock v. Cox, 489 F.3d 384, 391-92 (D.C. Cir. 2007) (recognizing the validity

of the revocation of a waiver for release of medical information in a civil action); cf. 45 C.F.R. §

164.508(b)(5)(I) (Health Insurance Portability and Accountability Act regulation which permits

revocation of a waiver "except to the extent that ... (i) The covered entity has taken action in

reliance thereon"); cf. Longtin v. United States Dep't of Justice, No. 06-1302 (JMF), 2006 WL

2223999, at * 3 (D.D.C. Aug. 3, 2006) (disclosure of information developed by agency officials

but not retrieved from records could violate the Privacy Act).

Accordingly, the Court should quash the subpoena.  See Fed. R. Civ. P. 45(c)(3)(A)(iii).

D.    Production Of The Information Defendant Seeks Also Appears to Violate Mr.
      King's Rights As a Victim of Crime.

The Victims of Crime Act, 18 U.S.C. § 3771, ensures that a crime victim's rights will be

upheld,  including the right "to be treated with fairness and with respect for the victim's dignity

---

[4] Substance abuse treatment records are subject to even more stringent restrictions on disclosure created by 42 U.S.C. § 290dd-2 and the implementing regulations at 42 C.F.R. Part 2.

and privacy." 18 U.S.C. § 3771(a)(8). The statute states that "the court shall ensure that the crime victim is afforded [these] rights." 18 U.S.C. § 3771(b)(1). In addition, § 3771(c) (1) provides that "[o]fficers and employees of the Department of Justice and other departments and agencies of the United States engaged in the detection, investigation, or prosecution of crime shall make their best efforts to see that victims of crime are notified of, and accorded, the rights described in subsection (a)."

If the information sought by the April 23 Subpoena exists, its release unquestionably will impinge upon Mr. King's dignity and invade his privacy. Disclosure of this information also would allow defendant, the accused offender, to unreasonably intrude upon Mr. King's life in a manner that would not adequately protect him as an alleged crime victim. Consequently, the Victims of Crime Act also weighs against ordering releasing the information requested in the Subpoena, and, instead, quashing it. Revocation of limited consent to the release of records which should be in the possession of health care providers certainly does not alter this analysis. See In re Arbitration, 737 F.Supp. 1030, 1032-34 (N.D. Ill. 1990) (revocation of prior consent to disclosure valid where fact of prior consent did not waive privileges accorded drug treatment records).

## CONCLUSION

For all these reasons, CSOSA respectfully requests that the Court quash the subpoena.

Dated: May 16, 2008.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

/s/_____

RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

/s/_____

JANE M. LYONS, D.C. Bar # 451737
Assistant United States Attorney
Civil Division
555 4th Street, N.W. - Room E4822
Washington, D.C.  20530
(202) 514-7161

**CERTIFICATE OF SERVICE**

Because it appears that no attorney representing the party seeking information under the

subpoena which is the subject of this action has yet entered an appearance in this case on the

Court's Electronic Case Filing system, I hereby certify that service of the foregoing Motion to

Quash and accompanying memorandum in support were made on this 16th day of May, 2008 by

sending a copy by first class U.S. mail, postage prepaid, marked for delivery to the following:

Elizabeth Mullin, Esq.
Public Defender Service for the District of Columbia
633 Indiana Avenue, N.W.
Washington D.C.  20004


/s/_____
JANE M. LYONS
Assistant United States Attorney
555 4th Street, N.W. - Room E4822
Civil Division
Washington, D.C.  20530
(202) 514-7161

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES.                          )
                                        )
v.                                      )
                                        )
TRAVIS MILES                            )
_____)

## DECLARATION OF THERESA ROWELL

1.  I, Theresa Rowell, do declare and depose as follows.

2.  I am the Assistant General Counsel in the Office of the General Counsel at the Court

    Services and Offender Supervision Agency for the District of Columbia (CSOSA).  I

    have held this position since August 2007.

3.  On March 6, 2008, I accepted service of a subpoena from Elizabeth Mullin, Esq. , of the

    Public Defender Service for the District of Columbia, captioned United States v. Travis

    Miles, Superior Court of the District of Columbia, Case No. 2008 CF3 1575.  The

    subpoena requested a copy of all CSOSA records and reports for Corey King, PDID 464-

    708, and to appear before the Criminal Division room/courtroom 302 of the Superior

    Court of the District of Columbia, 500 Indiana Avenue, N.W., Washington, D.C. on the

    24th day of April 2008, at 9:00 a.m. with responsive documents.

4.  Attached to the subpoena was a Release of Information form, signed by Corey King,

    authorizing and permitting Elizabeth Mullin and her approved representative, Sarah

    Levin, to inspect and/or copy any and all documents and records pertaining to Mr. King

    which are in the custody or control of CSOSA.  Mr. King specifically authorized Ms.

    Mullin and Ms. Levin to obtain any and all medical records from any facility or hospital.

1

5. On March 24, 2008, Mr. King advised CSOSA that he was revoking his authorization to release any records that CSOSA had in its possession pertaining to him.

6. Mr. King personally called me on March 26, 2008, representing that he was revoking his authorization to release all records, including his medical records, which CSOSA had in its possession pertaining to him.

7. On March 26, 2008, I left a voice mail with Elizabeth Mullin, Esq., advising her that Mr. King had revoked his authorization to release any records CSOSA had in its possession pertaining to him.

8. On April 3, 2008, I faxed and mailed a letter reflecting Mr. King's revocation, as well as advising Ms. Mullin of the *Touhy* regulations, which details the procedures that CSOSA follows in response to demands for documents in matters where CSOSA is not a party (copy of letter attached hereto). I also faxed a copy of the subpoena and letter to the United States Attorney's Office of the District of Columbia.

9. Ms. Mullin never contacted me after I advised her of Mr. King's revocation on March 26, 2008, nor contacted me after the letter was sent to her on April 3, 2008, concerning the subpoena at issue in this case.


Theresa A. Rowell                                                       5-2-08
Assistant General Counsel                                               Date
Court Services and Offender Supervision
 Agency for the District of Columbia
601 Indiana Ave., N.W., Room 514
Washington, D.C. 20004

2



# Court Services and Offender Supervision Agency
## for the District of Columbia

*Office of the General Counsel*

**Sent Via Fascimile and First-Class Mail**

April 3, 2008

Elizabeth Mullin, Esquire
Public Defender Service for the District of Columbia
633 Indiana Avenue, N.W.
Washington, D.C. 20004

**Re:  Your subpoena in U.S. v. Travis Miles, Case 2008 CF3 1575**

Dear Ms. Mullin:

This letter serves as follow up to my attempt to reach you by telephone concerning the subpoena served on the Court Services and Offender Supervision Agency ("CSOSA") on March 6, 2008, seeking a copy of CSOSA records and reports for Corey King, PDID 464708, in the above-referenced case.  You attached a release from Mr. King, authorizing release of his medical records in CSOSA's possession.

Mr. King has represented to CSOSA that he is revoking his authorization to release his records in CSOSA's possession.  Therefore, as explained in the regulations being faxed with this letter to you, Mr. King's records will not be released to you.  The following explains our subpoena practices.

As a federal agency, we have issued "Touhy" regulations that advise the public of the procedures that we and the D.C. Pretrial Services Agency (PSA) follow in response to demands for testimony or documents in matters in which CSOSA or PSA is not a party.  In *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951), the U.S. Supreme Court recognized the authority of an agency regulation that required agency approval prior to the production of government information by any employee.  Relying on that case, federal executive branch agencies now routinely publish "*Touhy*" regulations that set forth their procedures for responding to demands for testimony or documents.

CSOSA's *Touhy* regulations appear at 28 CFR Subpart D, 802.24 *et seq.* (2007).  A copy of the regulations is being faxed to you with this communication. CSOSA requires that their General Counsel approve all demands for documents or testimony to ensure compliance with the Privacy Act and other disclosure statutes (e.g., 42 C.F.R. Part 2, drug and alcohol treatment records; D.C. Official Code §§ 7-1201.01 *et seq.*, D.C. Mental Health Information Act; and D.C.

Official Code §§ 7-302 and 7-1605, HIV/AIDS/cancer confidentiality), and for other reasons that are set forth in some detail in those regulations.

Should you have any questions, please feel free to contact me at (202) 442-1954.

Sincerely,

Theresa A. Rowell, Esq.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                                    )
IN RE SUBPOENA TO COURT SERVICES        )    Misc. Action No. 08-221 (ESH)
AND OFFENDER SUPERVISION AGENCY       )
_____ )

**O R D E R**

This matter is before the Court on the motion by the Court Services and Offender

Supervision Agency ("CSOSA")'s motion to quash a subpoena issued by the Superior Court for

the District of Columbia seeking certain records from CSOSA.  For the reasons set forth in the

motion, and after carefully considering any opposition to the motion and the entire record in this

matter, the Court finds that good cause exists for the relief being sought.  Accordingly, it is

hereby

**ORDERED** that the motion to quash the subpoena is **GRANTED;** and it is further

**ORDERED** that CSOSA has no obligation to comply with the subpoena seeking records

in connection with United States v. Travis Miles, Case No. 2008-CF3-1575 in the D.C. Superior

Court**.**

_____                                    _____
Date                                                         ELLEN SEGAL HUVELLE
                                                               United States District Judge

**Copies to Counsel of Record Through ECF**